UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANN AND ROBERT ARCENEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9860** |
| **EDWARD SCHAUMBURG AND STATE FARM INS. CO.** | **SECTION B(5)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** and the Motion for Attorneys Fees is **DENIED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their residence located at 3501 Debouchel Boulevard, Meraux, Louisiana as a result of Hurricane Katrina. Plaintiffs' relevant State Farm Fire & Casualty Company ("State Farm") Insurance Policy was effective on August 29, 2005.

On August 25, 2006 Plaintiffs filed suit against Defendants State Farm and Edward Schaumburg ("Schaumburg") in the 34th Judicial District Court for the Parish of St. Bernard. Plaintiffs asserted claims of breach of contract and negligence against Defendants. Defendants removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship and federal question jurisdiction.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete diversity exists between proper parties. Defendants argue

1

Schaumburg was improperly joined. Defendants further contend jurisdiction exists pursuant to 28 U.S.C. § 1369.

Plaintiffs contend Schaumburg was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Plaintiffs further contend 28 U.S.C. § 1369 is inapplicable. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

*DISCUSSION*

**A.     Improper Joinder**

   **(1) 12b(6)**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendants argue Plaintiff failed to state a viable claim against Schaumburg.  "Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).  Louisiana recognizes an agent's duty to procure requested insurance.  *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).*  Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client."  *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiffs claim that Schaumburg represented at the sale of their policy that it provided coverage for "Hurricane Damage."[2]  In addition, Plaintiffs further allege that they relied upon the advice of Schaumburg in the procurement of their insurance to adequately protect their property

---

[1] Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

[2] Complaint at ¶ 4.

3

from hurricane damage.³  In short, Plaintiffs asserted claims recognized under Louisiana law.  As such, Plaintiffs may prove a set of facts in support of claims entitling it to relief.

**(2) Peremption**

Louisiana Revised Statute 9:5606 provides a one year prescriptive period and three year peremptive period for claims against insurance agents.  The statute provides in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
> LA. REV. STAT. ANN. § 9:5606 (2006).

Louisiana law imposes a duty on the insured to read and to know his insurance policy provisions.  *Giardina v. Allstate Ins. Co.*, 2006 WL 3406743 (E.D. La. 2006) (citing *Stephens v. Audubon Ins. Co.*, 665 So.2d 683, 686 (La.App. 12/6/95).  Insurance agents "have a duty only to use reasonable diligence in attempting to place the insurance requested."  *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, at*10 (E.D. La. 7/21/06) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La.1973)).  Louisiana law, however, does not impose a duty on agents to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage."  *Id.*  Generally, the peremptory period properly runs from the original date of purchase and is not tolled, suspended, or restarted by any subsequent renewals absent (1) some evidence that the agent made later negligent misrepresentations, and (2) that Plaintiff(s) justifiably relied upon them.  *Id.* at *10-*11.

---

³Plaintiffs' Affidavit at ¶ 3-4.

To determine whether Plaintiffs' claims are perempted, the Court must first determine at what moment in time the peremptive period began to run, ie- when the negligence occurred, or when it was discovered or should have been discovered by Plaintiffs. Plaintiffs assert in their petition for damages that Schaumburg represented that their policy provided coverage for "Hurricane Damages."[4]

Plaintiffs' policy was originally purchased in February 2002. Although this purchase date falls well outside the three year maximum peremptive period, annual policy renewals may serve to toll peremption. Therefore, assuming Plaintiffs offer adequate evidence that Schaumburg made negligent misrepresentations and Plaintiffs justifiably relied upon them or that Schaumburg negligently omitted to communicate vital information to Plaintiffs within three years of the suit being filed, Plaintiffs' claims are not perempted.

In addition, Plaintiffs' claims are not prescribed. Plaintiffs assert that their claims fall within one year from the date that Schaumburg's alleged negligent act was discovered or discoverable. Any defects in Plaintiffs' policy were reasonably discoverable after Hurricane Katrina. Plaintiffs filed suit on August 29, 2006; therefore, their claims fall within the one year prescriptive period. Thus, the Court finds that Defendants have not proven that Plaintiffs do not stand a reasonable possibility of prevailing against Schaumburg under Louisiana law. Consequently, Schaumburg was properly joined.

**B.     Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

State Farm contends that jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) considering: (1) Plaintiffs' claims arose from Hurricane Katrina and (2) State Farm

---

[4]Complaint at ¶ 4.

was a defendant in multiple Katrina-related matters when the Notice of Removal was filed. 28 U.S.C. § 1369(a) provides that:

> [t]he district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides that:

> a defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location." 28 U.S.C. § 1369(a). An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369

and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[5]  Therefore, 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and jurisdiction does not exist.

**C.     Plaintiff is not entitled to attorneys fees and just costs**

Plaintiffs asserts that Defendants' removal lacked an objectively reasonable basis and, therefore, move the Court to award attorneys fees and just costs.  28 U.S.C. § 1447(c) provides that a remand order may require payment of attorney's fees.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 709 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 711.  Defendants' arguments appear objectively reasonable.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED** and the Motion for Attorneys Fees is **DENIED**.

New Orleans, Louisiana this 30th day of March, 2007.

UNITED STATES DISTRICT JUDGE

---

[5] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).